Colcock, J,
delivered the opinion of the Court.
In this case the motion must be refused. There is no privity of contract existing between these parties ; and it is not every receipt of money which will make a man liable. If the sheriff sell the property of a defendant for the payment of his debt, and receive and pay over the amount to the plaintiff in execution, and the property sold should prove to have been unsound, as well might the purchaser in such case, attempt to sue the creditor who had received the money from the sheriff, as the plaintiff in this case to sue the defendant.* The consideration must move *77 between the parties, plaintiff and defendant, when there is no special agreement, in order to maintain an action of assumpsit. The defendant, as to this transaction, is a stranger to the plaintiff ; he did not sell to him, neither did he receive the money from him. If there be any principle of equity, which will compel these co-distributees to contribute to the loss of the plaintiff, he must go into equity; but I confess, I can discover none from the facts which are developed in the report delivered to us. i But this is not to be considered as a deliberate opinion of the Court, as to the plaintiff’s right to go into equity. We are clear he cannot recover in this action, and therefore the motion __
Motion refused.

 There is no implied warranty in sales by the sheriff, under compulsory process, for payment of a debt. Sturgis v. Sheriff 2 Bay, 169. Davis v. Murray, 2 Mill, 143. Herbemont v. Sharp, 2 McC, 264, Philips v. Bond, Ib. 382. And it would not be much amiss, if the Common Law rale were restored in other cases. But the doctrine of implied warranty still prevails in relation to sales made by the sheriff, in proceedings for partition. Barkley v. Barkley. Harper, 441. And see the case of Tunno v. Flud, 1 McC. 121 where the sale was by the Master in Equity to foreclose a mortgage ; and the parties interested, were held bound by (he implied warranty. In the principal case, the objection to the plaintiff's recovering, seems to have been, not that there was no implied warranty, but that there was no privity in law, between himself and the defendant. Black D. Black. Harper, 412, and see Duncan v. Bell, 2 N. and McC. 153. It docs not appear from the brief, whether the deceased left a will, or whether there was an administration, or whether, as was a very common practice a few years since, the estate was sold and divided without either. In either case, there could be no legal representative, as to the personal estate, but an executor or administrator; and therefore, there was no privity as to an implied warranty, between the purchaser and the distributees. R.